# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2021

Lyle W. Cayce
Clerk

No. 21-20069

Erica Talasek,

*Plaintiff—Appellant*,

*versus*

National Oilwell Varco, L.P.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3306

Before Owen, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.
Edith Brown Clement, *Circuit Judge*:

This appeal arises from a dispute over life insurance benefits. Erica Talasek brought this lawsuit, stemming from a group policy sponsored by her late husband's employer. Talasek claimed benefits in the amount of $300,000 following her husband's death. The insurance company and district court denied her relief. We agree and affirm.

## I.

In 2013, Ben Talasek, Erica Talasek's husband, attempted to enroll in a supplemental life insurance plan through his employer, National Oilwell

No. 21-20069

Varco, L.P. ("NOV"). Unum Life Insurance Company of America provided coverage to NOV's employees, vis à vis NOV, through issuance of a "Summary of Benefits."

On November 17, 2013, Ben Talasek received a "Benefits Confirmation Statement" from Unum, reflecting his new elections, which were to begin in 2014. The November 2013 statement noted that "[a]ny coverage listed as suspended requires approval," and it indicated that several of his elections were "suspended." The statement included these notations because Unum required its enrollees to complete an "Evidence of Insurability" form before coverage could begin. Accordingly, Ben Talasek submitted the form on January 2, 2014.

Later that month, Ben Talasek was diagnosed with pancreatic cancer. About this time, he and Unum began corresponding more frequently about his benefits. On January 18, 2014, Unum sent Ben Talasek a letter, informing him that it had identified an error in his application, specifically, with respect to his Evidence of Insurability form, and that more information was needed.[1] Accordingly, he corrected the error and re-submitted his Evidence of Insurability form.

On February 12, 2014, Ben Talasek contacted Unum again to discuss the status of his benefits and was told that the review process would take four to six weeks. Part of the review process required him to provide blood and urine samples, which he did on March 3, 2014. Because of the subsequent "abnormal" lab results, Unum sent Ben Talasek a letter—dated March 6, 2014—explaining that it was "not able to approve the insurance coverage listed."

---

[1] Before receiving the letter, Ben Talasek—and an NOV representative— also called Unum to follow up on the status of his coverage.

No. 21-20069

Ben Talasek died on December 24, 2017.  Throughout this entire period, however, the Talaseks received statements from the NOV Benefits Service Center, reflecting the same elections he made in 2013 and showing that NOV was deducting funds from Ben Talasek's paycheck for the coverage.  Absent from these statements were the "suspended" notations included in the November 2013 statement.

Following Ben Talasek's passing, Talasek submitted a claim under the group life insurance policy, which Unum both approved and denied.  In denying Talasek's claim for $300,000 of benefits, Unum indicated that it had rejected Ben Talasek's application for supplemental life insurance by letter dated March 6, 2014.  Talasek unsuccessfully appealed this decision.

As a result, Talasek brought suit against Unum and NOV in federal court in September 2018, alleging estoppel, negligence, and violations of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*[2]  Unum and NOV jointly moved to dismiss Talasek's claims for ERISA breach of fiduciary duty and negligence,[3] and the magistrate judge recommended that the district court grant the motion, which it did.  The parties then proceeded through discovery on Talasek's estoppel and ERISA denial of benefits claims.  Unum and NOV ultimately moved for summary judgment on both claims.

---

[2] Talasek's original complaint alleged only claims for ERISA denial of benefits and estoppel.  She subsequently twice amended her complaint to include claims for ERISA breach of fiduciary duty and negligence and to name NOV as a defendant.  Talasek named both NOV and Unum as defendants in her claims for estoppel and negligence.  She named Unum as the sole defendant in her ERISA denial of benefits claim and NOV as the sole defendant in her negligence claim.

[3] At this point, the district court referred the matter to Magistrate Judge Nancy K. Johnson.  It was later referred to Magistrate Judge Christina A. Bryan.

No. 21-20069

The magistrate judge issued a report and recommendation, recommending that the district court grant the motions for summary judgment. The district court adopted the recommendation of the magistrate judge.[4] Talasek timely appealed.

## II.

"Standard summary judgment rules control in ERISA cases." *Ramirez v. United of Omaha Life Ins. Co.*, 872 F.3d 721, 725 (5th Cir. 2017) (quoting *Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 651 (5th Cir. 2009)). Thus, "[w]e review the grant of summary judgment *de novo*, applying the same standard as the district court," and take all inferences in the light most favorable to Talasek. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004) (citation omitted).[5]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex*

---

[4] In doing so, the district court ordered Talasek to file a motion for judgment. Talasek's summary judgment briefing included a request, in the alternative, for the return of the premiums she had paid, in the event the court denied her claims. Thus, in order to fully resolve the claims at bar, the district court ordered this issue be considered. The magistrate judge issued a second report and recommendation, recommending that the district court grant Talasek's motion for judgment. The district court adopted the recommendation and then entered judgment.

[5] The parties have not contended—below or on appeal—that an abuse of discretion standard applies to Talasek's estoppel claim. "Because [Talasek's] estoppel claim is not a review of a decision of the [Unum claims administrator]," we review the decision of the district court *de novo*. *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444 (5th Cir. 2005).

*Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citation omitted); *see* Fed. R. Civ. P. 56.

## III.

On appeal, Talasek challenges only the district court's grant of summary judgment in favor of NOV on her estoppel claim. Therefore, our review of the decision below is so confined. We conclude that she cannot meet the second element of her claim and hold that her claim must fail as a matter of law.

To survive summary judgment on her estoppel claim, Talasek needed to create a genuine dispute of material fact as to whether NOV made a material misrepresentation, on which she reasonably and detrimentally relied, under extraordinary circumstances. *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444–45 (5th Cir. 2005) (Clement, J.). Caselaw regarding ERISA estoppel claims is sparse in the Fifth Circuit. Accordingly, we have often looked to our sister circuits for help in resolving these claims. *See, e.g.*, *High v. E-Systems Inc.*, 459 F.3d 573, 579–81 (5th Cir. 2006); *Mello*, 431 F.3d 444–48.

Talasek contends that NOV misrepresented the status of her husband's life insurance coverage by continuing to deduct premiums from Ben Talasek's paycheck and by confirming these deductions in the annual benefits statements. Material misrepresentations need not stem directly from the insurance plan itself but rather "can be made in informal documents," such as NOV's Benefit Confirmation Statements. *Mello*, 431 F.3d at 445. And, where "there is a substantial likelihood that [a misrepresentation] would mislead a reasonable employee in making an adequately informed decision," a misrepresentation is material. *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 237 (3d Cir. 1994) (quoting *Fischer v. Philadelphia Elec. Co.*, 994 F.2d 130, 135 (3d Cir. 1993)).

It is difficult to imagine a misrepresentation more likely to mislead a recipient. Every year for four years, Talasek and her husband received statements from NOV, purporting to identify the benefits elected and indicating the amount of the deduction for each element of coverage. *Cf. id.* ("Here[, the decedent's employer] was actually representing that the plan was offering a new benefit; thus, we find that the representations [the employer] made were 'material misrepresentations.'"). The district court acknowledged NOV's erroneous actions but failed to find that Talasek satisfied the first element of her claim. That omission was error. However, the error was harmless, as Talasek cannot create a genuine dispute of material fact with respect to the remaining elements of estoppel.

Talasek must also have relied—(1) reasonably and (2) to her detriment—on NOV's material misrepresentation. *Mello*, 431 F.3d at 444–45. The district court found that Talasek "presented a genuine issue of material fact regarding detrimental reliance[.]" We agree. Thus, the crux of the second element is whether that reliance was reasonable.

Our precedent clearly indicates that an employee cannot reasonably rely on informal documents in the face of unambiguous terms in insurance plans. *See Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 375 (5th Cir. 2008); *High*, 459 F.3d at 580 ("[A] 'party's reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party.'" (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998) (en banc))); *Mello*, 431 F.3d at 447; *see also Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 456 (6th Cir. 2003) ("A party cannot seek to estop the application of an unambiguous written provision in an ERISA plan . . . . When a party seeks to estop the application of an unambiguous plan provision, he by necessity argues that he reasonably and justifiably relied on a representation that was inconsistent with the clear terms of the plan." (internal citations omitted)),

*superseded on other grounds by regulation*, 29 C.F.R. § 2560.503-1(l) (2003), *as recognized in Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 889 (6th Cir. 2020).

The provision of the group life insurance policy that required Ben Talasek to complete an Evidence of Insurability form before coverage could begin was unambiguous.  The Summary of Benefits, provided by Unum, is the governing document.  It states, in no uncertain terms, that "[e]vidence of insurability is required for any amount of life insurance."  Ben Talasek was on notice that "[c]overage applied for during an annual enrollment period" began at midnight following the later of two conditions: (1) the first day of the next plan year; and (2) "the date Unum approve[d his] evidence of insurability form for life insurance."  The Summary of Benefits made clear that this was also the case for changes in coverage.

Furthermore, the Summary of Benefits also made clear that NOV's representations were not Unum's.  And, perhaps most significant, it delineated when and by whom changes could be made to the terms—restricting those instances to narrow circumstances.  Talasek does not argue that she and her husband relied on NOV's "representations to help [them] interpret an ambiguous or unclear term in the [Summary of Benefits].  Rather, [she] contends that [it] was reasonable to rely on [NOV's representations] *rather than* the unambiguous" group policy language.  *Mello*, 431 F.3d at 445–46; *see id.* at 447 (analyzing and citing favorably *In re Unisys Corp. Retiree Med. Benefit "ERISA" Litigs.*, 58 F.3d 896, 907–08 (3d Cir. 1995)).[6]  Against this backdrop, we cannot say that Talasek's reliance on

---

[6] In *Unisys Corp.*, a "company engaged in a 'systematic campaign of confusion[,]' which led employees to believe that their [retirement medical] benefits were to continue for life."  58 F.3d at 907 n.20.  Nevertheless, the Third Circuit affirmed the district court's finding that the retirees' estoppel claim failed

NOV's statements and deductions was reasonable—no matter how frustrating those misrepresentations were in reality. Thus, Talasek cannot establish the second element of her claim.

Because Talasek cannot create a genuine dispute of material fact over the reasonable reliance aspect of the second element, we need not consider whether extraordinary circumstances existed. *See Mello*, 431 F.3d at 448. The district court did not err in granting summary judgment to NOV on Talasek's estoppel claim.

AFFIRMED.

---

as a matter of law because the "finding that the [terms of the plan were] unambiguous undercut[] the reasonableness of any detrimental reliance by the retirees." *Id.* at 908.